IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BILLY G. BREEDLOVE                                                                        PLAINTIFF

V.                                 Civil No. 3:14-cv-03100-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                            DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Billy Breedlove, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his application for SSI on May 15, 2013,[1] alleging an onset date of June 1, 2005, due to deterioration of his spinal cord, ruptured disks in his back, manic depression, anxiety, and problems with his right hand, arm, and shoulder.  Tr. 114, 129, 136, 144, 125-126.  The Commissioner denied his application initially and on reconsideration.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on March 27, 2014.  Tr. 621-660.  Plaintiff was present and represented by counsel.

---

[1] The Plaintiff filed a prior application for benefits in December 2007.  Tr. 564-583, 584-620.

At the time of the hearing, Plaintiff was 43 years old and possessed a General Education Diploma. Tr. 192. He had past relevant work ("PRW") experience as plastic injection mold operator and production worker. Tr. 25, 106-112, 115, 624, 631-633, 653-654.

On July 7, 2014, the ALJ concluded that the Plaintiff's degenerative disk disease, affective disorder, and anxiety disorder were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 15-16. After partially discrediting the Plaintiff's subjective complaints, the ALJ determined the Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with occasional climbing, balancing, stooping, kneeling, crouch, and crawling. The ALJ also found the Plaintiff capable of performing work where the interpersonal contact is incidental to the work performed and the tasks performed are simple, routine, repetitive, and performed by rote with few variables; little judgement; and, simple, direct, and concrete supervision. Tr. 16-17. With the assistance of a vocational expert, the ALJ then concluded the Plaintiff could perform work as a polisher (eyeglasses frames) and escort vehicle driver. Tr. 26.

The Appeals Council denied the Plaintiff's request for review on September 17, 2014. Tr. 5-9. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned by consent of the parties. ECF No. 5. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 11.

## II. **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm

2

the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. 20 C.F.R. § 416.920(a)(4). Only if he reaches the

final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. 20 C.F.R. § 416.920(a)(4)(v).

**III.    Discussion:**

The Plaintiff raises the following issues on appeal: whether the ALJ conducted a proper credibility analysis and whether the ALJ's RFC determination is supported by substantial evidence. After reviewing the evidence, the undersigned agrees that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The objective medical evidence reveals that the Plaintiff suffered from degenerative disk disease, anterolisthesis[2], and disk protrusion.  In 2008, CT scans of his lumbar and cervical spine revealed a ruptured disk at the L5-S1 level, minimal degenerative changes in the neck, concentric disk bulges at the L2-3 and L4-5 levels, mild spinal stenosis at the L4-5 level, and some mild anterior spurring at the C5-6 and C6-7 levels with narrowing at the C5-6 level of the central canal.  Tr. 171-184, 385.

On July 7, 2009, Dr. Alice Martinson, an orthopedist, evaluated the Plaintiff in connection with a prior application for benefits.  Tr. 288-289.  X-rays showed vacuum disk phenomenon at the L5-S1 level with minor anterior osteophytes at multiple vertebral levels.  Dr. Martinson diagnosed the Plaintiff with bilateral lower lumbar nerve root tension without dysfunction and symptoms consistent with spinal stenosis.  However, she opined that a specific diagnosis of his spinal condition would require an MRI.  Dr. Martinson also indicated that speculation on a permanent impairment rating was inappropriate at this time, as the Plaintiff had not been definitively treated for his spinal condition.

On December 21, 2011, Plaintiff was examined by Michel Villinger, a nurse practitioner.  Tr. 291-293.  The examination revealed bilateral tenderness of the cervical spine and tenderness at the L3, L4, and L5 levels with pain radiating into his thighs.  Nurse Villinger diagnosed him with lower back pain and prescribed Lortab.

On January 3, 2012, Dr. Shannon Brownfield conducted a consultative exam at the Commissioner's request.  Tr. 185-189.  She noted a limited range of motion in the lumbar spine, paralumbar muscle spasm, positive straight leg raising tests bilaterally, and a slow gait with mild

---

[2] Anterolisthesis is a condition of the spine in which the upper vertebral body slips forward on the vertebra below.  *See* Cedar-Sinai, *Anterolisthesis*, *at* https://www.cedars-sinai.edu/Patients/Health-Conditions/Anterolisthesis.aspx (last accessed December 3, 2015).

stooping. Dr. Brownfield diagnosed the Plaintiff with lower back pain with symptoms secondary to spinal stenosis and mood disorder. He then assessed him with moderate to severe limitations with prolonged standing, walking, and sitting and severe limitations with bending and lifting.

On February 10, 2012, an MRI of the Plaintiff's lumbar spine revealed the following: moderate diffuse degenerative disk disease, moderate lower lumbar facet joint osteoarthritis, mild foramen stenosis at the L2-3 and L3-4 levels, rather marked bilateral foramen stenosis at the L4-5 and L5-S1 levels, and shallow superimposed central disk herniation at the L5-S1 level.

On September 21, 2012, the Plaintiff was examined by Nurse Villinger due to complaints of lower back pain exacerbated by coughing. Tr. 222-223. An examination revealed a normal gait with moderate bilateral paraspinous muscle spasm at the L2, L3, L4, and L5 levels. Nurse Villinger diagnosed the Plaintiff with lower back pain and prescribed Lortab and Robaxin. He also recommended that the Plaintiff see a pain specialist or a neurosurgeon. The Plaintiff declined the referrals due to financial hardship.

On January 22, 2014, Nurse Villinger noted tenderness at the C5-7 and L3-5 levels. Again, he diagnosed the Plaintiff with lower back pain and chronic neck pain and prescribed Norco and Meloxicam. Nurse Villinger also ordered an MRI of the Plaintiff's lumbar and cervical spine.

On March 14, 2014, x-rays of the Plaintiff's lumbar spine showed degenerative changes throughout the lumbosacral spine with disk space narrowing, retrolisthesis of the L5 on the S1, and facet joint disease. Tr. 545.

An MRI of the Plaintiff's lumbar spine dated March 21, 2014, showed multilevel degenerative change with some disk bulge at the L2-3, L3-4, and L4-5 levels; anterolisthesis of the S1 on the L5 with endplate changes; and, posterior disk protrusion markedly flattening the thecal sac both centrally and extending out toward each neural foramen. Tr. 562-563.

The only evidence that sheds any light on the Plaintiff's ability to perform work-related activities is the consultative examination of Dr. Brownfield, which is dated one year prior to the relevant time period. The ALJ acknowledged Dr. Brownfield's assessment and indicated that "great weight" was given to his opinion, but also found it to be indicative of an ability to perform sedentary work with postural limitations. However, sedentary work, by definition, primarily involves sitting. 20 C.F.R. § 416.967(a). And, Dr. Brownfield assessed the Plaintiff with moderate to severe sitting limitations. Accordingly, because the objective evidence provides support for Dr. Brownfield's assessment and there are no other assessments in the record to contradict his opinion, we find that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.

We understand that a remand with directions to recontact Dr. Brownfield would be futile, as it has been approximately three years since Dr. Brownfield examined the Plaintiff. For this reason, we direct the ALJ to order a consultative neurological examination complete with an RFC assessment to determine the Plaintiff's ability to perform the sitting requirements of sedentary work.

**IV.    Conclusion**:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of December, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE